```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION

FRANCES L. DIGGINS,         }
                            }
    Plaintiff,              }
                            }       CIVIL ACTION NO.
v.                          }       07-AR-0656-S
                            }
PAHOS, INC., d/b/a HOME     }
INSTEAD SENIOR CARE,        }
                            }
    Defendant.
```

**MEMORANDUM OPINION**

The court has for its consideration the motion of plaintiff, Frances Diggins ("Diggins"), for an award of attorneys' fees. On April 28, 2008, Diggins notified the court that she had accepted an offer of judgment in the amount of $2,100.00 from defendant Pahos, Inc., d/b/a Home Instead Senior Care ("Pahos"). That same day, Diggins filed a motion for an award of attorneys' fees in the amount of $13,375.00. Pahos, in opposition to this motion, argues that Diggins is not entitled to attorneys' fees because its offer of judgment, pursuant to Fed. R. Civ. P. 68, was submitted as a "final settlement of this matter," thus precluding any additional award of fees or costs. In the alternative, Pahos argues that, should Diggins be entitled to an award of fees, the award should be limited to an amount no greater than Diggins's amount of recovery as the "prevailing party." In light of the prior precedent of this court and of the Eleventh Circuit, Diggins's motion for fees will be granted, but the award of fees will be limited to $2,100.00.

1

**DISCUSSION**

At this court's regular motion docket on April 18, 2008, the court noted that it had previously dealt with the issue of an award of attorneys' fees after a plaintiff's acceptance of a defendant's Rule 68 offer of judgment in *Owens v. Ryder Services Corp.*, 918 F. Supp. 366 (N.D. Ala. 1996). In that opinion, this court found that the defendant's Rule 68 offer of judgment did not expressly preclude an award of attorneys' fees and that the plaintiff was entitled to attorneys' fees as the "prevailing party" according to the underlying statutory scheme (the Americans with Disabilities Act). Because the underlying statute in this case, Title VII, also provides for an award of attorneys' fees to the prevailing party, *see* 42 U.S.C. § 2000e-5(k), and because Diggins is the prevailing party, the court's only responsibility is to determine (1) whether Pahos's Rule 68 offer included the claim for attorneys' fees, and (2) if Diggins is entitled to an award of fees in addition to the $2,100.000 judgment, what is the proper amount in fees now due.

Pahos argues that the wording of its offer of judgment, properly interpreted, excludes any additional award of attorneys' fees. The Rule 68 offer of judgment stated, "Home Instead [Pahos's business name] offers the Plaintiff $2,100.00 *as final settlement of this matter*." (emphasis added). Pahos asserts that because it indicated that this $2,100.00 payment was its "final settlement" of the action, it clearly intended that no fees or costs would be paid

in addition to this sum.  Further, Pahos claims that in prior settlement negotiations, it had explicitly offered a slightly lower sum to Diggins as a settlement, expressly including attorneys' fees as a part of that offer.  Pahos argues therefore that it should have been crystal clear to Diggins that the $2,100.00 offer as a "final settlement" was inclusive of attorneys' fees.  The court gives no consideration to parol evidence and looks to the language of the offer.

As additional support, Pahos cites to the Eleventh Circuit's opinion in *Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002), which posed the question of whether the Rule 68 offer there contained "any additional language suggesting the inclusiveness of all sums due," other than simply the sum offered, that would indicate that any attorneys' fees due to the plaintiff were included in the offer.  The *U.A. 2000* offer of judgment did not contain any additional language, and the Eleventh Circuit found that, as a result, the plaintiff was entitled to attorneys' fees in addition to the sum contained in the Rule 68 offer.  Pahos argues that its "final settlement" terminology is just the sort of additional language the Eleventh Circuit contemplated when discussing what sort of offer would exclude an additional award of attorneys' fees.  In addition, Pahos relies on a Seventh Circuit case cited in *U.A. 2000*, which found that a Rule 68 offer encompassed attorneys' fees.

However, that offer explicitly included a separate sum for costs: "judgment in the amount of $ 56,003.00 plus $ 1,000 in costs as one total sum as to all counts of the amended complaint." *Id.* (quoting *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391 (7th Cir. 1999)). Although the *Nordby* offer contained "additional language" similar to Pahos's "as final settlement of this matter" language, the offer contained a separate sum for costs, presumably encompassing attorneys' fees, AND this additional language. Here, there was no separate total for costs or fees, distinguishing Pahos's offer from the offer in *Nordby*. Regardless of whether Pahos's offer contained "additional language," it did not have the same clarity the offer in *Nordby* did, and the ambiguity inherent in the offer must be construed against Pahos. Furthermore, this Rule 68 offer of judgment necessarily meant that the costs would be taxed against the defendant, and attorneys' fees under Title VII are part of the costs.

Pahos has misinterpreted the import of the Eleventh Circuit's opinion in *U.A. 2000*. There, the court held, "Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror... any ambiguity in the terms of an offer must be resolved against its drafter, and therefore, absent a clear indication to the contrary the accepting party cannot be deemed to have received its fees or waived the right to seek them." *U.A. 2000* at 1244. Additionally, the Eleventh Circuit concludes its opinion with a warning to defendants submitting Rule 68 offer, a

4

warning which could have prevented this dispute had Pahos heeded it:

> defendants can easily preempt the dispute exemplified here, as well as others, by clearly stating their intent in the offer of judgment. We echo the Seventh Circuit in cautioning that the prudent defendant will mention attorneys' fees explicitly in order to head off the type of appeal that we are wrestling with here.

*Id.* at 1249 (citing *Nordby*, 199 F.3d at 393 (quotations and punctuation omitted)). Pahos obviously failed to adhere to the Eleventh Circuit's cautionary advice.

In *U.A. 2000*, the Eleventh Circuit found that the defendant's offer of judgment, ("$45,000 with costs accrued") consisting of one flat sum with no language indicating the finality of the sum offered nor any separate amount for covered costs, was ambiguous, and as a result, the plaintiff was entitled to attorneys' fees beyond the sum accepted in the Rule 68 offer. Here, although Pahos attempted to go farther than the *U.A. 2000* offer by referring to a "final settlement," the offer of one sum with no indication as to what that sum encompassed was nonetheless ambiguous as to whether the offer included attorneys' fees. As a result, the ambiguity in Pahos's offer regarding the inclusion of attorneys' fees is construed against Pahos, and Diggins is entitled to an award of attorneys' fees.

Pahos has argued alternatively that the award should be reduced to an amount far less than the $13,375.00 Diggins has requested. In reviewing the time records counsel for Diggins has

5

submitted, the court suspects that some of the time spent on this matter among Diggins's two attorneys has been duplicative. However, a tedious review of each time entry submitted and of the propriety of the $250.00 per hour fee requested is unnecessary in this context. The court continues to adhere to its prior recitations in *Owens*. There, this court stated, "[i]t would be grossly unfair for the lawyers who 'won' under these circumstances to get over twice as much money as their client gets." *Owens*, 918 F. Supp. at 368. Here, an award of attorneys' fees in the amount requested would be over **six times** the $2,100.00 Diggins accepted in the Rule 68 offer. The court today reiterates what it said in *Owens*: "an attorneys fee award larger than the... [plaintiff's] award 'does not *necessarily* indicate an abuse of discretion'... while there certainly are cases in which an attorney's fee *can* exceed the amount of the recovery itself, this case is not one of them." *Id.* (emphasis in original).

Diggins has not demonstrated that there is something out of the ordinary about this action, rendering it one of the few, exceptional cases in which an award of attorneys' fees should exceed the plaintiff's personal recovery. As a result and in an exercise of this court's discretion, *see* 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee"), Diggins's request for attorneys' fees will be

reduced to an amount commensurate with the amount awarded to Diggins upon acceptance of Pahos's Rule 68 offer of judgment.

## CONCLUSION

The court finds that Pahos's Rule 68 offer of judgment was ambiguous as to whether the amount offered included attorneys' fees.  This ambiguity is construed against Pahos, and Diggins is therefore entitled to an award of attorneys' fees as the "prevailing party" in this Title VII action.  Diggins will be awarded $2,100.00 in attorneys' fees, an amount equal to the amount of the judgment to be entered.

**DONE** this 2nd day of June, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE